**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JACK WINGO, *et al.*,

          Plaintiffs,

vs.

MADDOCKS COLLECTION SERVICES, LLC,

          Defendant.

2:14–cv–41–JAD–VCF

**ORDER**

This matter involves Jack Wingo's civil action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* on behalf of a putative class. Before the court is Wingo's motion for sanctions (#15), motion for a protective order (#18), and motion to strike (#20). These motions are frivolous.

As an initial matter, the court notes that Wingo's motion for sanction and motion for a protective order were filed in violation of Special Order 109. Special Order 109(III)(F)(4) requires the moving party to file separate motions where separate relief is requested. Local Rules, like rules prescribed by the Supreme Court, acts of Congress, and Constitutional provisions, carry the force of law. *Corey v. McNamara*, 409 F. Supp. 2d 1225, 1228 (D. Nev. 2006) (citing *United States v. Hvass*, 355 U.S. 570, 574 (1958)). Here, Wingo filed one motion requesting two separate forms of relief. This was inappropriate.

In addition to being procedurally flawed, Wingo's motions are meritless. Wingo moves for a protective order and for sanctions because Defense Counsel inadvertently published Plaintiffs' dates of birth and social security numbers on the court's docket in violation of Federal Rule of Civil Procedure 5.2. On March 3, 2014, Defense Counsel filed a motion for summary judgment, which contained

1

exhibits with Plaintiffs' unredacted personal information. (Zelman Decl. (#16) at ¶ 5). At 4:41 p.m. on March 6, 2014, Plaintiffs' Counsel notified Defense Counsel of the error. (*Id*. at ¶ 6). At 4:51 p.m., Defense Counsel contacted the Clerk of Court and had the documents sealed. (*Id*. at ¶ 7). In response to Plaintiffs' motions, Defense Counsel declares that he mistakenly uploaded the original file instead of the redacted file. (*See id*. at ¶¶ 8–10).

Plaintiffs' Counsel, however, failed to file a reply to rebut Defense Counsel's explanation. This suggests to the court that (1) Defense Counsel's version of the facts is correct and (2) Plaintiffs' Counsel instigated motion practice even though the facts are uncontested and the underlying problem was resolved without judicial intervention. This is sanctionable. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("[T]he district court has the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct.").

Wingo's motion to strike is equally frivolous. Wingo moves to strike portions of Defense Counsel's declaration pursuant to Federal Rule of Evidence 408. Rule 408 does not empower the court to "strike" evidence. Federal Rule of Civil Procedure 12(f) empowers the court to strike "pleadings;" and the court has the inherent authority to strike a party's papers. *See Metzger v. Hussman*, 682 F. Supp. 1109, 1110 (D. Nev. 1988). By contrast, evidence is either admitted or not admitted.

Additionally, Rule 408—which is designed to prevent parties from using settlement offers to prove "the validity or invalidity of a claim"—is irrelevant to Wingo's motions for a protective order and for sanctions. *See* FED. R. EVID. 408, Advisory Committee Notes, 1972 Proposed Rules. It requires no citation of authority to recognize that the court is not adjudicating the validity or invalidity of Wingo's claims on Wingo's motion for a protective order and motion for sanctions. Nonetheless, Wingo filed a motion suggesting that the court is. This conduct is also sanctionable. *See Fink v. Gomez*, 239 F.3d at 991.

2

Federal Rule of Civil Procedure 1 instructs the court to construe and administer the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." The court is bound by this rule. When reviewing a litigant's motion, the court begins its analysis with Rule 1. When filing future motions, the parties are advised to do the same.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Jack Wingo's motion for sanctions (#15) IS DENIED.

IT IS FURTHER ORDERED that Jack Wingo's motion for a protective order (#18) is DENIED.

IT IS FURTHER ORDERED that Jack Wingo's motion to strike (#20) is DENIED.

IT IS FURTHER ORDERED that Plaintiff Counsel's must comply with the court's local rules and ethical standards or risk the imposition of sanctions should lack of compliance occur again.

IT IS SO ORDERED.

DATED this 2nd day of April, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE